# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RALPH J. MCDONALD,

Plaintiff,

v.

~~THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"~~Daily Hub Store,

Defendant~~s~~.

Case No.: 1:26-cv-11995

Judge LaShonda A. Hunt

Magistrate Judge Keri L. Holleb Hotaling

**AMENDED COMPLAINT**

Plaintiff, RALPH J. MCDONALD ("McDonald" or "Plaintiff"), by Plaintiff's undersigned counsel, hereby complains of ~~the Partnerships and Unincorporated Associations identified on Schedule A attached hereto~~Daily Hub Store (~~collectively,~~ "Defendant~~s~~"), and for Plaintiff's Amended Complaint[1] hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant~~s~~ since ~~each of the~~ Defendant~~s~~ directly targets consumers in the United States, including Illinois, through at least the ~~fully interactive commercial internet stores operating under the Defendant aliases and/or the~~ online marketplace account~~s~~ identified ~~in Schedule A attached hereto~~as "Daily Hub Store" (~~collectively,~~ the

[1] A redline version of this Amended Complaint is attached hereto as **Exhibit 2**.

Formatted: Font: (Default) Times New Roman

Formatted: Font: (Default) Times New Roman

"Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products bearing infringing versions of Plaintiff's copyrighted works. Each of the Defendants has targeted Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold products bearing infringing versions of Plaintiff's federally registered copyrighted works to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois. Additionally, Federal Rule of Civil Procedure 4(k)(2) confers personal jurisdiction over Defendants because the claims asserted herein arise under federal copyright law, Defendants would not be subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws.Venue is proper in any district in which Defendant resides or may be found which includes any district in which it would be subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b)(3). On information and belief, Defendant is not a resident of the United States, which means that it may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

**INTRODUCTION**

3. Plaintiff, Ralph J. McDonald, is the owner of the federal copyright registrations that protects the creative content of Plaintiff's illustrations. Plaintiff is an artist specializing in wildlife and traditional Americana art.

4. This action has been filed by Plaintiff to combat online copyright infringers who trade upon Plaintiff's reputation, goodwill, and valuable copyrights by selling and/or offering for sale products in connection with Plaintiff's illustrations. In addition, the Defendants are selling

~~unauthorized products that are based on and derived from the copyrighted subject matter of Plaintiff's illustrations.~~

~~5.~~4. Plaintiff is the owner of United States Copyright Registration No~~s~~. VA 2-476-392~~; VA 2-476-391; and VA 2-476-390~~ (the “Ralph J. McDonald Work~~s~~”) and the registration~~s are~~ is attached hereto as **Exhibit 1**. Upon information and belief, the copyright~~s have~~ has an effective date~~s~~ that predates the Defendant~~s'~~'s acts of copyright infringement.

~~6.~~5. ~~In an effort to illegally profit from the creative content of the Ralph J. McDonald Works, Defendants have created numerous Defendant Internet Stores and designed them to appear to be selling authorized Ralph J. McDonald Products.~~Defendant is an individual or business entity who, upon information and belief, resides in a foreign jurisdiction. Defendant operates at least one e-commerce store under the Defendant Internet Store and/or other aliases. Defendant conducts business in the United States and has offered for sale and sold products to United States consumers, including in Illinois and this judicial district. *See* Exhibit 3.

~~7.~~6. ~~The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants' activities, occurring at the same time and in the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation.~~ Plaintiff is forced to file this action to combat Defendant~~s'~~'s piracy of the Ralph J. McDonald Work~~s~~. Plaintiff has been and continues to be irreparably damaged through loss of control over the creative content of the

valuable copyrights, reputation, goodwill, the quality and ability to license as a result of Defendants’’s actions and seeks injunctive and monetary relief.

**THE PLAINTIFF**

7. Plaintiff, RALPH J. MCDONALD, is the owner of the Copyright Registrations that protects the creative content of the Ralph J. McDonald Works. Plaintiff is an artist specializing in wildlife and traditional Americana art. McDonald has been commissioned by the governors of Tennessee and South Carolina to paint state symbols, and he has been a featured artist at the Southeastern Wildlife Expo and World Wildlife Expo. In 2006, he was inducted into the “Legends of the Outdoor National Hall of Fame.” Over the years, McDonald’s prints have raised millions of dollars for conservation efforts and thousands in scholarships for Future Farmers of America. Information about the Ralph J. McDonald Work is provided in the following table:

| **Registration No.** | **Effective Date of Registration** | **Title of Work** | **Design** |
|---|---|---|---|
| VA 2-476-392 | October 23, 2025 | We’re Ready |  |

8. McDonald has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ralph J. McDonald Works. As a result, products associated with the Ralph J. McDonald Works are recognized and exclusively associated by consumers, the public, and the trade as products authorized by Plaintiff (the “Ralph J. McDonald Products”).




https://www.fulcrumgallery.com/a120239/RJ-McDonald.htm?sort=2

9. Plaintiff is the owner of the United States Copyright Registration~~s~~ that covers the Ralph J. McDonald Work~~s~~. The Registration~~s are~~ is valid, subsisting, and in full force and effect. ~~True and correct copies~~A true and correct copy of the registration certificate~~s~~ for the Ralph J. McDonald Work~~s are~~ is attached hereto as **Exhibit 1**.

10. In an effort to illegally profit from the creative content of the Ralph J. McDonald Work~~s~~, Defendant~~s~~ ha~~ve~~s created ~~numerous~~the Defendant Internet Store~~s~~ and ha~~ve~~s designed ~~them~~it to appear to be selling authorized Ralph J. McDonald Products. Upon information and belief,

Defendant~~s~~ facilitates sales by designing the Defendant Internet Store~~s~~ so that ~~they~~it appears to unknowing consumers to be an authorized online retailer~~s~~, outlet store~~s~~, or wholesaler~~s~~ selling genuine Ralph J. McDonald Products.

11. Plaintiff has invested substantial time, money, and effort in building up and developing consumer awareness, goodwill, and recognition in the Ralph J. McDonald Work~~s~~.

12. The success of the Ralph J. McDonald Work~~s~~ is due in large part to Plaintiff's marketing, promotional, and distribution efforts.

13. As a result of Plaintiff's efforts, the quality of the Ralph J. McDonald Products, the promotional efforts for Plaintiff's products and designs, press and media coverage, and social media coverage, members of the public have become familiar with the Ralph J. McDonald Work~~s~~ and associate ~~them~~it exclusively with Plaintiff.

14. Plaintiff has made efforts to protect Plaintiff's interests in and to the Ralph J. McDonald Work~~s~~. No one other than Plaintiff and Plaintiff's licensees are authorized to manufacture, import, export, advertise, create derivative works, offer for sale, or sell any goods utilizing the Ralph J. McDonald Work~~s~~ without the express written permission of Plaintiff.

**THE DEFENDANT~~S~~ AND THE DEFENDANT~~S'~~'S UNLAWFUL CONDUCT**

15. Defendant~~s~~ ~~are~~is an individual~~s~~ and/or business entit~~ies~~y who, upon information and belief, resides in the People's Republic of China or another foreign jurisdiction~~s~~. Defendant~~s~~ conducts business throughout the United States, including within Illinois and in this judicial district, through the operation of the ~~fully interactive commercial websites and~~ online marketplace~~s~~ operating under the Defendant Internet Store~~s~~. ~~Each~~ Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell illegal

Ralph J. McDonald Products to consumers within the United States, including Illinois and in this judicial district. *See* Exhibit 3.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

16. Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Amended Complaint.

17. The Ralph J. McDonald Work~~s~~ ~~are~~is an original work~~s~~ and ~~are~~is copyrightable subject matter under 17 U.S.C. § 101 et seq.

18. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendant~~s~~, as alleged hereunder, including but not limited to the Ralph J. McDonald Work~~s~~, including derivative works. The Ralph J. McDonald Work~~s~~ ~~are~~is the subject of a valid Copyright Registration Certificate~~s~~ issued by the Register of Copyrights. (**Exhibit 1**).

19. Defendant had access to the Ralph J. McDonald Work via the internet, where the design appears on Plaintiff's authorized websites.

20. Defendant's unauthorized products either reproduce the Ralph J. McDonald Work or are derived from the Ralph J. McDonald Work:

| **Plaintiff's Ralph J. McDonald Work** | **Defendant's Infringing Product** |
|---|---|
|  |  |

19.21. Each Defendant, without the permission or consent of Plaintiff, has sold and continues to sell online pirated derivative works of the copyrighted Ralph J. McDonald Works through an online marketplace listings. Upon information and belief, each Defendant's unauthorized listings at issue in this case are accessible and have been accessed by Illinois residents. Each Defendant has violated Plaintiff's exclusive rights of reproduction, distribution, and public display under the Copyright Act. 17 U.S.C. §§ 106(1), (2), (3), (5). Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act, 17 U.S.C. § 101 et seq.

20.22. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. §505.

21.23. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyrights and ordering that each Defendant destroy all unauthorized copies.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, theirits affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with themit be temporarily, preliminarily, and permanently enjoined and restrained from:

a. Using the Ralph J. McDonald Works or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing,

advertising, offering for sale, or sale of any product that is not an authorized Ralph J. McDonald Product or is not authorized by Plaintiff to be sold in connection with the Ralph J. McDonald Works;

b. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Ralph J. McDonald Works;

c. further infringing the Ralph J. McDonald Works and damaging Plaintiff's goodwill;

d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use the Ralph J. McDonald Works, and which are derived from Plaintiff's copyrights in the Ralph J. McDonald Works; and

e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyrights in the Ralph J. McDonald Works;

2) For Judgment in favor of Plaintiff against Defendants that ~~they have~~it has: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyrights pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants~~'~~'s acts and conduct set forth in this Amended Complaint;

3) For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

4) That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and

5) Award any and all other relief that this Court deems just and proper.

DATED: November 11, 2026

Respectfully submitted,
*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com
***ATTORNEY FOR PLAINTIFF***